## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUE SONG,<br>on behalf of herself and all others<br>similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE<br>HOLDINGS, INC.,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action File No: 2:16-cv-00006 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

## TABLE OF CONTENTS

I.  INTRODUCTION                                                                3

II.  FACTUAL BACKGROUND                                                         4

III.  LEGAL ARGUMENT                                                            4

A.  STANDARD OF REVIEW                                                          4

B.  THE HOMEOWNERS PROTECTION ACT OF 1998 (HOPA)                                5

C.  PLAINTIFF'S BREACH OF CONTRACT CLAIMS ARE NOT PREEMPTED BY
HOPA                                                                           7

D.  PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD NOT BE DISMISSED
                                                                              10

E.  THERE EXISTS NO BASIS TO DISMISS COUNT II OF PLAINTIFF'S
COMPLAINT (UNJUST ENRICHMENT)                                                  12

1.  THE ELEMENTS OF THE CLAIM AND THE STANDARD OF REVIEW                       12

2.  NATIONSTAR'S QUASI-CONTRACT THEORY DOES NOT WARRANT
DISMISSAL                                                                      13

3.  THE FACTS PLED ALLEGING UNJUST ENRICHMENT ARE SUFFICIENT                   14

IV.  CONCLUSION                                                                15

Plaintiff Sue Song by and through her counsel, submits this brief in opposition to the Defendant Nationstar Mortgage Holdings Inc.'s ("Nationstar") Motion to Dismiss the Amended Complaint (D.E. 12), and, in support thereof, states the following.

## I.      INTRODUCTION

Plaintiff's claims are simple and straightforward: Nationstar should have automatically terminated her private mortgage insurance ("PMI"), along with her obligation to pay monthly premiums for PMI, when the loan-to-value ratio ("LTV") on her home at 248 Center Point Lane in Lansdale, Pennsylvania ("the Property") fell bellow 78%.  Nationstar has refused to remove her PMI premium obligations, and still charges her $174.20 every month, which Ms. Song continues to pay in full.

Ms. Song's agreement with Bank of America (BofA), her original lender, stated that PMI would automatically terminate when the principal balance of your loan reached 78% LTV.  Ms. Song, in an effort to rid herself of the burden of paying PMI premiums, pre-paid her mortgage above the minimum monthly amount due, such that the 78% benchmark was reached in September of 2014.  By that time, Nationstar had purchased Ms. Song's loan from BofA.  The loan was never modified, and the same terms still applied between Nationstar and Ms. Song as they had previously applied between BofA and Ms. Song.  Despite the promise made to Ms. Song that PMI would automatically terminate at 78% LTV, having reached that benchmark, Nationstar has refused to honor the original promise.

Nationstar's challenges to the Complaint all fail as a matter of law.  *First*, the Homeowners Protection Act of 1998 (HOPA) does not preempt Ms. Song's claims because the language in HOPA's preemption section, as well as the Act's savings clause, expressly exempts from preemption situations like this one, where a private agreement shortens the Termination Date.  *Second*, Nationstar's position that only the recorded documents can be the subject of a breach of contract, and not express promises made to Ms. Song regarding her PMI obligations, is

inconsistent with Pennsylvania breach of contract law.  **Third**, Nationstar has not set forth any viable challenge to Ms. Song's unjust enrichment claims.  As a result, the motion to dismiss should be denied in its entirety.

## II.    FACTUAL BACKGROUND

The pertinent facts at issue in this case are uncontroverted.  Ms. Song obtained a residential mortgage loan on her primary residence in September of 2010 from BofA.  The value of the home for purposes of the mortgage was $343,200.00.  *See* Amended Complaint [D.E. 11] at ¶¶ 13-14.  She paid approximately 10% as a down payment and took out a loan in the amount of $308,000.00.  *Id.* at ¶ 15.  She was required to obtain PMI on the loan, and subsequently has paid $174.20 a month in PMI premiums.  *Id.* at ¶¶ 16-17.  At the time the loan was made, BofA informed her that PMI would automatically terminate when the principal balance of her loan reached 78% LTV.  *Id.* at ¶ 18 and Exhibit A to the Amended Complaint.

On or around February 15, 2013, Nationstar purchased Ms. Song's loan from BofA.  *Id.* at ¶ 19.   Her loan was never modified and she has always been current and in good standing on her mortgage payments.  In fact, Ms. Song has repeatedly paid more than the minimum monthly amount due in an effort to rid herself of the burden of paying PMI premiums, and by September of 2014, Plaintiff's LTV fell to 78%.  *Id.* at ¶¶ 20-21.  Ms. Song has since repeatedly requested that Nationstar automatically terminate PMI on the property, as it promised to do.  However, Nationstar has refused to do so.  *Id.* at ¶¶ 23-25.  As discussed below, this is a consummate breach of contract.

## III.    LEGAL ARGUMENT

### A.    Standard of Review

In deciding a motion to dismiss, the court must view the complaint in the light most favorable to the non-moving party, and all inferences must be drawn in the non-movant's favor.

*McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).  At this early stage, the plaintiff must only allege "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausible factual allegations "raise a right of relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Stated otherwise, "[a] plaintiff need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."  *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (internal quotations and citation omitted).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."  *Twombly*, 550 U.S. at 555.

**B**.     **The Homeowners Protection Act of 1998 (HOPA)**

In 1998, Congress enacted HOPA to "establish Federal guidelines for disclosure and termination of private mortgage insurance (PMI)."  H.R. Rep. No. 105-55, at 4 (1997).  Although PMI was found to "play[] an important role in the mortgage industry by allowing low-income borrowers or borrowers with little cash greater access to home ownership," *id*. at 5, Congress determined that "homeowners are not always informed when PMI is required, and if it is, how it can be terminated." *Id*. at 6; *see also* S. Rep. 105-129, at 2-3 (1997), as reprinted in 1998 U.S.C.C.A.N. 313, 314-15.  Legislation was therefore needed "to establish Federal standards for disclosure and termination of PMI so that borrowers do not pay for insurance after **all parties in the mortgage process agree** that such insurance is no longer necessary." H.R. Rep. No. 105-55, at 6 (emphasis added).  Accordingly, the purpose of HOPA is to protect homeowners and ensure that they know when PMI is no longer required based on what they have agreed upon.

HOPA extends to any residential mortgage loan transaction consummated on or after July 29, 1999, on a single-family dwelling that is the primary residence of the mortgagor.  *See* 12 U.S.C. § 4901(14), (15).  Pursuant to 12 U.S.C. § 4902(b)(1), PMI, in connection with a residential mortgage transaction, shall automatically terminate "on the termination date if, on that

date, the mortgagor is current on the payments required by the terms of the residential mortgage transaction."[1]

        1.                The Scope of HOPA Preemption

Section 4908 of HOPA sets forth the parameters of the Act's preemption power:

> the provisions of this chapter shall supersede any provisions of the law of any State relating to requirements for obtaining or maintaining private mortgage insurance in connection with residential mortgage transactions, cancellation or automatic termination of such private mortgage insurance, any disclosure of information addressed by this chapter, and any other matter specifically addressed by this chapter.

12 U.S.C. § 4908(a)(1).  Two important exceptions to HOPA's preemption scope exist, neither of which was mentioned by Nationstar in its briefs.  First, HOPA only preempts State Laws that are *inconsistent* with it.  *Id*. at § 4908(a)(2).  A State Law is expressly <u>not</u> considered inconsistent with HOPA if it "requires termination of private mortgage insurance . . . — (I) at a date earlier than as provided in this chapter; or (II) when a mortgage principal balance is achieved that is higher than as provided in this chapter.  *Id*. at § 4908(a)(2)(B).  Second, HOPA contains an

---

[1] The "termination date" is defined as:

> (A) with respect to a fixed rate mortgage, the date on which the principal balance of the mortgage, based solely on the initial amortization schedule for that mortgage, and irrespective of the outstanding balance for that mortgage on that date, is first scheduled to reach 78 percent of the original value of the property securing the loan; and

> (B) with respect to an adjustable rate mortgage, the date on which the principal balance of the mortgage, based solely on the amortization schedule then in effect for that mortgage, and irrespective of the outstanding balance for that mortgage on that date, is first scheduled to reach 78 percent of the original value of the property securing the loan.

12 U.S.C. § 4901(18).  It is unclear here whether Ms. Song holds a single, adjustable rate mortgage, as Nationstar told the Court in its Motion to Dismiss the original Complaint [*see* D.E. 10-1 at 2 and Ex. A], or if she holds "two different mortgages," one fixed and then followed by an adjustable rate mortgage, as Nationstar told the Court in its Motion to Dismiss the Amended Complaint [*see* D.E. 12-1 at n.5].  Regardless, for purposes of this case, the requirements "are substantially similar."  *Fellows v. CitiMortgage, Inc.*, 710 F. Supp. 2d 385, n.23 (S.D.N.Y. May 11, 2010).

express savings clause that provides that HOPA's preemption provision should not be construed to preclude private agreements that provide for termination of PMI prior to the dates required under HOPA.  The savings clause states:

> NO PRECLUSION OF CANCELLATION OR TERMINATION AGREEMENTS
>
> Nothing in this chapter shall be construed to preclude cancellation or termination, by agreement between a mortgagor and the holder of the mortgage, of a requirement for private mortgage insurance in connection with a residential mortgage transaction before the cancellation or termination date established by this chapter for the mortgage.

*Id*. at § 4910(b).

### C.      Plaintiff's Breach of Contract Claims Are Not Preempted By HOPA

Nationstar argues that the preemption provision in section 4908 precludes recovery based on breach of contract claims.  In support of this position, Nationstar points to the broad preemptive power of section 4908 and relies exclusively on the findings of *Fried v. JPMorgan Chase & Co.*, No. 15-2512, 2016 U.S. Dist. LEXIS 9874 (D.N.J. January 28, 2016).  However, Nationstar is only telling the Court part of the story, and HOPA does not preempt Ms. Song's claims.

As an initial matter, Plaintiff does not challenge Nationstar's characterizations of the broad preemptive power of section 4908 or the courts' comparisons between ERISA and HOPA in terms of preemption.  *See, i.e. Fried*, 2016 U.S. Dist. LEXIS 9874; *Gregor v. Aurora Bank FSB*, 26 F. Supp. 3d 146 (D.R.I. 2014).   The flaw in Nationstar's position, however, is that it fails to even mention, let alone consider the two clear, applicable exceptions to preemption set forth in the Act, which are to be interpreted broadly.  First, HOPA only preempts State Laws that are *inconsistent* with it.  *Id*. at § 4908(a)(2).  The Act goes further, expressly defining that a State Law is not considered inconsistent with HOPA if it "requires termination of private mortgage insurance . . . — (I) at a date earlier than as provided in this chapter; or (II) when a mortgage principal balance is achieved that is higher than as provided in this chapter.  *Id*. at §

4908(a)(2)(B).  Second, the savings clause in section 4910(b) clearly calls for an exception to HOPA preemption when private agreements provide for a termination date of PMI prior to the dates required under HOPA.  These two exceptions comport with the clear purpose of HOPA-- to protect homeowners and ensure that they know when PMI is no longer required based on what they have agreed upon.

In an attempt to skirt its contractual obligations, Nationstar fails this bring to this Court's attention these clearly applicable exceptions to preemption.  Here, Ms. Song claims that a private agreement between herself and BofA established terms shortening PMI automatic termination.[2] This is precisely the type of agreement that the drafters of HOPA considered when deciding not to handcuff private parties from agreeing upon terms more favorable for the borrower.  *See* H.R. Rep. No. 105-55, at 6; *see also* S. Rep. 105-129, at 2-3 (1997), as reprinted in 1998 U.S.C.C.A.N. 313, 314-15.  So clear was the drafters' intent that they created not one but two express exceptions to preemption when such an agreement was reached – one governing State Laws, another governing private agreements.  Both exceptions apply here.  By simply stating that PMI would automatically terminate when the principal balance of her loan reached 78% LTV (*See* Amended Complaint at ¶18 and Exhibit A),[3] the contract clearly establishes a termination "date earlier than as provided in this chapter."  49 U.S.C. § 4908(a)(2)(B)(I). Similarly, BofA's promises to Ms. Song that PMI would automatically terminate when the outstanding balance of her loan reached 78% LTV, regardless of the amortization schedule for the mortgage, shows that the parties agreed to a termination date <u>before</u> the termination date established by HOPA.  19 U.S.C. § 4901(18), 4910(b).  Any other interpretation of these exceptions to HOPA preemption would make no sense.  *See Reiter v. Sonotone Corp.*, 442 U.S.

---

[2] Facts establishing that BofA bankers understood this to be the case and advised borrowers like Ms. Song to prepay on their mortgages in order to remove PMI premium obligations quicker will be uncovered during the discovery period of this litigation.

[3] The fact that Exhibit A does not include the words "first scheduled" is of profound importance in determining the Termination Date.  *See Rice v. Green Tree Servicing, LLC*, No. 14-93, 2015 U.S. Dist. LEXIS 122566, at * 14 (September 15, 2015).

330, 339 (1979) (noting that the Court is "obligated to give effect, if possible, to every word Congress used," and not ignore words or provisions).

Next, Nationstar's singular reliance on the *Fried* case is misguided.  2016 U.S. Dist. LEXIS 9874.  The *Fried* case turns on how loan modifications impact HOPA, and specifically, the interpretation of the language in section 4902(d).  *Id.* at * 8-13.  In finding that plaintiff's breach of contract claims were preempted in *Fried*,[4] the Court does not look at the exceptions to preemption, and rightfully so, since the issue was about loan modification, not about State Laws or private agreements limiting the duration of the termination date, like it is in the instant matter and as set forth in the exceptions.

A much better example of a case on point is *Fellows v. CitiMortgage, Inc.*, additional precedent that Nationstar fails to mention to the Court.  710 F. Supp. 2d 385 (S.D.N.Y. May 11, 2010).  As an initial matter, the *Fellows* court points out that in terms of preemption, contractual relationships are viewed differently than duties under state laws.

> In its preemption jurisprudence, the Supreme Court generally draws a distinction between a "contractual commitment voluntarily undertaken" and a "requirement . . . imposed under State law." *Premium Mortg. Corp. v. Equifax, Inc.,* 583 F.3d 103, 107 (2d Cir. 2009) (citing *Cipollone,* 505 U.S. at 526).  In Cipollone, the Supreme Court reasoned that "common understanding dictates that a contractual requirement, although only enforceable under state law, is not 'imposed' by the State, but rather is 'imposed' by the contracting party upon itself."  *Cipollone,* 505 U.S. at 526 n.24; *see also Wolens,* 513 U.S. at 228; *Empire HealthChoice,* 396 F.3d at 144; *JetBlue,* 379 F. Supp. 2d at 316-18.

*Fellows*, 710 F.Supp. 2d at 403.  This same reasoning that led the *Fellows* court to hold that the breach of contract claim is not preempted by HOPA is equally applicable in the instant matter. *Id.* (claim dismissed on other grounds).  Ms. Song's claim is "not predicated on any violation of state-imposed obligations," but rather based on "self-imposed undertakings under the Mortgage." *Id.* (distinguishing between "what the State dictates" and what the lender "itself undertakes"); *see*

---

[4] It bears noting that the *Fried* court denied Defendants' motion to dismiss Plaintiff's claim of a direct violation of HOPA.  *Id.* at *8-9.

*also American Airlines, Inc. v. Wolens,* 513 U.S. 219, 233 (1995).[5]  Further, *Fellows* considers

HOPA's savings clause in its ruling:

> This provision indicates that Congress did not intend for [HOPA]
> to prevent mortgagors from bringing a breach of contract claim to
> vindicate their contractual right under an agreement with the
> holder of their mortgage to cancel PMI earlier than allowed by
> [HOPA].  Since that is precisely what Fellows seeks to do here, his
> breach of contract claim survives preemption by [HOPA].

*Fellows*, 710 F. Supp. 2d at 404.  Because Ms. Song's "breach of contract claim does not run

afoul of HOPA's preemption provision or frustrate its purpose," it cannot be said to be

preempted by the Act.  *Id.* at 403-4.

### D.  Plaintiff's Breach of Contract Claim Should Not Be Dismissed

Employing circular, result-orientated logic, Nationstar attempts to muddy the waters by

claiming that Ms. Song's breach of contract claim is limited to only what Nationstar now says

encompasses "the contract."  Nationstar claims to not understand what Ms. Song alleges has

been breached, so it has "interpreted the mortgage contract to include **only** the Mortgage filed

with the Montgomery County Recorder of Deeds."  Nationstar's Motion to Dismiss [D.E. 12-1]

at n.1 (emphasis added).  Having limited what the contract is, Nationstar then claims that the

disclosure in which BofA promised that PMI would automatically terminate when the loan

balance reached 78% LTV is not part of the "contract," so it has no obligation to abide by the

original agreement.  *See* Ex. A to Plaintiff's Amended Complaint.

Nationstar's "interpretation" is incorrect.  Indeed, its entire position is based on a faulty

assumption, namely, that the promise to terminate PMI when the loan reached 78% LTV is not

"part of the contract."  In truth, this promise and Nationstar's breach of this promise meets all of

the essential elements of a breach of contract claim and each of these elements are sufficiently

pled in Plaintiff's Amended Complaint.

---

[5] Analogously, prior to HOPA, if parties had expressly agreed to extend the PMI premiums
period, that contractual obligation would have been recognized and applicable.  *See, i.e. Bennett
v. Bank United, et al.*, 114 S.W.3d 75, 84 (Ct. App. Tx. 2003).

Contrary to Nationstar's assertions, whether the disclosure attached to the Complaint has been *integrated* into the documents that Nationstar claims have been filed with the Montgomery County Recorder of Deeds is irrelevant.[6]   The cases that Nationstar cites on this issue are inapposite.  In *Kline*, the buyers of real estate claimed that the sellers misrepresented facts in the property disclosure statement.  *See Kline v. EDS Relocations & Assignment Services*, No. 08-0980, 2008 U.S. Dist. LEXIS 89149 (M.D. Pa November 4, 2008).[7]  The Court held that there was no misrepresentation in the disclosure.  *Id.*  Nationstar analogizes *Kline* to this case, claiming that "Plaintiff received a disclosure, which **contained allegedly inaccurate information**."  D.E. 12-1 at p. 9 (emphasis added).  That is clearly not what Ms. Song alleges here either factually or legally.  Ms Song claims the disclosure regarding PMI contained no inaccurate information; in fact, she claims that the language in the disclosure constitutes a promise which has been breached.  What Nationstar is telling the Court is that lenders can say whatever they want in disclosures or other documents, and make whatever promises they want, but as long as they don't record those disclosures with the county, they are not bound by those promises.  This is inconsistent with case law and would lead to absurd results.

Courts have repeatedly considered the promises made in disclosures regarding PMI as part of the contracts that borrowers enter into with lenders.  *See Fried*, 2016 U.S. Dist LEXIS 9874 at *2; *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-3517, 2011 U.S. Dist. LEXIS 87495 at * 40 (D. Md. Aug. 8, 2011) (referring to a PMI disclosure as a "contract" and discussing whether it had been breached).  In fact, no court has ever ruled that a PMI disclosure

---

[6] The Court should not consider the documents attached to Nationstar's motion to dismiss because the allegedly recorded documents are not what Plaintiff refers to as the agreement.  It is not the authenticity that Plaintiffs challenges at this point, but rather, the documents' relevance. Since the recorded documents are not the basis of the alleged breach at issue, they should not be considered.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. Pa. 1993).  Documents such as these should be the basis of fact discovery, which has yet to begin in this case.

[7] Similarly, *Rock v. Voshell*, 397 F. Supp. 2d 616 (E.D. Pa. 2005) is not comparable to the facts at issue here because it also involves allegations of misrepresentation in the sellers' disclosure in a real estate transaction, as well as the application of the parole evidence rule.

cannot be considered an agreement that can be the subject of a breach of contract claim. Nationstar's novel, yet incorrect position should be rejected because it is unsupported by the law, and is improper as a challenge under Rule 12. *See Hamilton v. Federal Home Loan Mortgage Corp.*, No. 13-00414, 2015 U.S. Dist. LEXIS 2954 at * 36 (D. Me. Jan. 12, 2015) ("BOA's search for clarity is readily and better satisfied through discovery and a finely-tuned motion for summary judgment than by a peremptory dismissal of REH, Jr.'s breach of contract count.").

**E.    There Exists No Basis to Dismiss Count II of Plaintiff's Complaint (Unjust Enrichment)**

Nationstar asks the Court to dismiss Plaintiff's unjust enrichment claim because (1) a mortgage contract exists, and (2) facts supporting this cause of action have not been sufficiently pled.  As set forth below, both positions lack merit.

**1.    The Elements of the Claim and the Standard of Review**

Under Pennsylvania law, a plaintiff must plead the following to state a claim for unjust enrichment: "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of such benefit by the defendant; and (3) acceptance and retention of such benefit under circumstances such that it would be inequitable for the defendant to retain the benefit without payment to the plaintiff." *EBC, Inc. v. Clark Building Systems, Inc.,* 618 F.3d 253, 273 (3d Cir. 2010) (citing *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. Ct. 2001)); *accord Rubenstein*, 2009 U.S. Dist. LEXIS 100656, at *27.  A defendant will be found liable under an unjust enrichment theory if they "'wrongfully secured or passively received a benefit that . . . would be unconscionable for her to retain.'" *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 180 (3d Cir. 2008) (quoting *Torchia v. Torchia*, 346 Pa. Super. 229, 499 A.2d 581, 582 (Pa. Super. Ct. 1985)).  Unjust enrichment is reviewed pursuant to the standards of Rule 8; thus, the court must "Accept[] the allegations in the Complaint as true," and deny a motion to dismiss to the extent that the Complaint "is plausible on its face." *AM Logistics, Inc. v. Sorbee Int'l, LLC*, No. 13-2925, 2014 U.S. Dist. LEXIS 2925 at * 6 (E.D. Pa. Jan. 9, 2014).

2.      Nationstar's Quasi-Contract Theory Does Not Warrant Dismissal

Nationstar argues that the existence of the valid and enforceable mortgage contract bars recovery under the unjust enrichment cause of action.  *See* D.E. 12 at p. 11.  This *quasi-contract* theory fails for two reasons.

First, at this early stage, Ms. Song is entitled to sue for unjust enrichment in the alternative to breach of contract.  *See, e.g.*, *Bill Goodwin Constr., LLC v. Wondra Constr., Inc.*, No. 13-157, 2014 U.S. Dist. LEXIS 49652, at * 37 (M.D. Pa. Apr. 10, 2014); *Star v. Rosenthal*, 884 F. Supp. 2d 319, 333-34 (E.D. Pa. 2012) (Dalzell, J.); *see also Kantor v. Hiko Energy, LLC*, 100 F. Supp. 3d 421, 430 (E.D. Pa. 2015) (refusing to dismiss unjust enrichment claim in complaint also containing breach of contract claim because plaintiff may assert alternative theories); *J.A. & W.A. Hess, Inc. v. Hazle Twp.*, 350 A.2d 858, 860 (Pa. 1976) (reversing trial court refusal to consider unjust enrichment claim along with breach of contract claim).  Thus, alternatively, if the agreement at issue in this case is found to be void or otherwise unenforceable by the Court, Ms. Song and the putative class may seek to recover under an unjust enrichment theory.  *See Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999).

Second, Nationstar's position is flawed and circular, in that it is based on its own incorrect assumption that the only binding agreement at issue are the recorded documents, which do not include the separate promise made to Ms. Song shortening the Termination Date.  *See supra* section D.  Even if that were true, which it is not, claiming that the existence of a binding contract that does not include a promise to shorten the Termination Date must bar an unjust enrichment claim based on the shortened Termination Date is illogical.[8]  Further, since there is a

---

[8] Nationstar's positions are internally inconsistent as well.  It claims that the agreement, the recorded documents, do not include the promises made in the disclosure, then claims that the existence of the recorded documents as a binding contract precludes an unjust enrichment claim based on the non-contractual promises.  It must be one or the other, or both, but certainly not neither.

fundamental dispute about what constitutes the contract and its validity, Nationstar's unjust enrichment argument is circular.

### 3. The Facts Pled Alleging Unjust Enrichment are Sufficient

Next, Nationstar claims that Ms. Song has failed to sufficiently plead facts that support a claim for unjust enrichment. Accepting the allegations in the Complaint as true in determining whether the Complaint "is plausible on its face," there is no doubt that the Complaint has satisfied this standard.

The elements of unjust enrichment have been satisfied in Plaintiff's pleading. Ms. Song has alleged that "Nationstar has a financial incentive to continue to charge the PMI fees on plaintiff's loan because it receives a portion of the premium and is covered for risk of default on the loan." Amended Complaint at ¶ 26. This claim establishes that Ms. Song conferred a benefit upon Nationstar in the form of monthly PMI premium payments (*id.* at ¶ 51); Nationstar knew it was receiving the benefits associated with these payments (*id.* at ¶¶ 51-53), and that it would be inequitable for Nationstar to retain these benefits (*id.* at ¶¶ 53-54). That these facts were pled in part "On information and belief, based on industry practice," does not warrant dismissal, as the Court has consistently held and often repeated. *See U.S. v. One Palmetto State Armory Pa-15 Machinegun*, 115 F. Supp. 3d 544, 576 (E.D. Pa. 2015) (Dalzell, J.) ("This form of pleading finds its parallel in Rule 8(b)'s provision that a responding party may state he is "without knowledge or information" concerning the truth of an averment."); *see also* 5 Wright, Miller & Kane, Federal Practice & Procedure § 1224 (3d ed. 2015) ("[A]llegations in this form have been held to be permissible, even after the *Twombly* and *Iqbal* decisions."). Nationstar fails to even allege why the facts as pled are insufficient, and cites to no cases to support its position. In fact, Ms. Song's allegations are more than sufficient to state a claim for unjust enrichment. *See Dwoskin v. Bank of America*, 850 F. Supp. 2d 557, 573 (D. Md. 2012) ("read in the light most

favorable to the [plaintiffs, . . . the Complaint] states a plausible claim for unjust enrichment and the defendant's motion to dismiss this count will be denied.").

**IV.**   **CONCLUSION**

For each of the reasons set forth herein, Ms. Song respectfully requests that the Court deny Nationstar's motion to dismiss in its entirety.

Date: June 20, 2016                  Respectfully submitted,


By: /s/ *Kenneth J. Grunfeld*
RICHARD GOLOMB
KENNETH J. GRUNFELD
TAMMI A. MARKOWITZ
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: (215) 989-4381/Fax: (215) 985-4169

Attorneys for the Plaintiff